## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ALEX MARTIN, | : | |
|     Plaintiff | : | No. 1:12-cv-1228 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| EDUCATION and TRANSUNION LLC, | : | |
|     Defendants | : | |

## MEMORANDUM ORDER

Before the Court is Defendant United States Department of Education's ("USDOE") motion to stay.  (Doc. No. 8.)  Plaintiff Joseph Martin opposes the motion.  (Doc. No. 11.)  For the reasons that follow, the Court will grant the motion.

On June 27, 2012, Plaintiff initiated this action seeking damages for an alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").  (Doc. No. 1.)  On September 21, 2012, Defendant USDOE filed a motion to dismiss, asserting that the Government has not waived its sovereign immunity with respect to claims under the FCRA.  (Doc. No. 7.)  That same day, Defendant USDOE filed a motion to stay this action pending the United States Supreme Court's decision in United States v. James X. Bormes, No. 11-192.  (Doc. No. 8.)  In Bormes, the Supreme Court granted certiorari to determine whether the Little Tucker Act, 28 U.S.C. § 1346(a)(2), waives the sovereign immunity of the United States with respect to damages actions for violations of the FCRA.  United States v. Bormes, 132 S.Ct. 1088 (2012). The Supreme Court heard oral arguments in the case on October 2, 2012.  Defendant USDOE argues that the Supreme Court's decision in Bormes will be dispositive of its motion to dismiss and that it is in the interests of judicial economy to stay this case pending the Supreme Court's decision.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).   "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976).  In determining whether to grant a stay, courts should consider: (1) the length of the requested stay; (2) the "hardship or inequity" that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy.  See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).

Here, these factors weigh in favor of granting a stay.  Having already held oral arguments in Bormes, the Supreme Court is likely to issue its decision expeditiously.  The Supreme Court's decision in Bormes will be dispositive of Defendant USDOE's motion to dismiss and could be dispositive of this litigation.  Granting a stay would inflict no significant injury of Plaintiff, and would simplify the issues in this case to promote judicial economy.

**ACCORDINGLY**, on this 22nd day of October 2012, **IT IS HEREBY ORDERED** that these proceedings are temporarily stayed pending the Supreme Court's resolution of United States v. Bormes, No. 11-1192.  If Bormes is not resolved within 180 days of the date of this order, the Court will lift the stay.  The Government shall advise the Court and Plaintiff of the Supreme Court's decision in Bormes within thirty days of the issuance of an opinion.

 s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

2